UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**PIKE ELECTRIC, LLC,**

    Plaintiff,

v.                                         Civil Action No. 5:14-cv-00373

**JUSTICE LOW SEAM MINING, INC.,**

    Defendant.

**COMPLAINT FOR ENFORCEMENT AND CONFIRMATION OF FINAL AND BINDING ARBITRATION AWARD**

COMES NOW the Plaintiff, Pike Electric, LLC ("Pike Electric"), by and through its counsel, Anders W. Lindberg, Andrew P. Smith, and the law firm of Steptoe & Johnson, PLLC, and states as follows for its Complaint in this matter:

**PARTIES, JURISDICTION, AND VENUE**

1.    Pike Electric is a North Carolina limited liability company with its principal office at 100 Pike Way, Mount Airy, North Carolina, 27030. Pike Electric is authorized to do business in West Virginia.

2.    Upon information and belief, Defendant, Justice Low Seam Mining, Inc. ("JLSM"), is a West Virginia corporation with its principal office at 818 N. Eisenhower Drive, Beckley, West Virginia 25801.

3.    Jurisdiction in this matter is based upon 28 U.S.C. § 1332 as the matter in controversy exceeds $75,000 and is between entities organized under the laws of, and residing in, different states.

1

4.  Venue properly lies in the Southern District of West Virginia, Beckley Division, pursuant to 28 U.S.C. § 1391(a) and (b) because Respondent is a resident of this judicial district.

### FACTS

5.  On or about August 10, 2012, Pike Electric and JLSM entered into a Master Services Agreement ("Agreement"), by which Pike Electric was to provide the labor and equipment to construct a 4-mile, 34.5kV distribution line in Bishop, Virginia.

6.  The Agreement contained a provision requiring the parties to submit any disputes arising under the Agreement to arbitration with the American Arbitration Association.

7.  The parties also entered into a separate Request for Services ("Request"), which set forth the specific terms and conditions for the work to be performed.

8.  Pike Electric fully performed all services required under the Agreement and the Request, however JLSM failed to pay any invoices for the work.

9.  Pursuant to the Agreement, Pike Electric submitted its Demand for Arbitration to the American Arbitration Association on June 19, 2013. JLSM served its Answer on July 8, 2013.

10. A hearing was held on the matter on December 17, 2013, at which time Pike Electric presented evidence that it was entitled to damages in the amount of $420,698.76 through the date of the hearing, and a per diem amount for late fees and interest in the amount of $189.67.

11. Despite notice, JLSM chose not to appear at the hearing or offer evidence disputing Pike Electric's claims, services, or the amount sought.

12. On December 19, 2013, the Arbitrator issued an Arbitration Award, in which he found that "Pike fully performed all services required under the Agreement" and that "JLSM

approved and accepted the work." Further, the Arbitrator found that JLSM "did not dispute any invoices" but still failed to make any payments. A copy of the Arbitration Award is attached hereto as "**Exhibit A**."

13. The Arbitrator issued Pike Electric an award of $421,078.10, along with administrative fees in the amount of $8,925.00, plus interest accruing at the legal rate of 8% from December 19, 2013, the date of the award.

## COUNT I – ENFORCEMENT OF THE ARBITRATION AWARD

14. The West Virginia Arbitration Act provides that the prevailing party in an arbitration proceeding may file an action to confirm and enforce an arbitration award. W. Va. Code § 55-10-3. In the absence of fraud and other narrow exceptions recognized in W. Va. Code § 55-10-4, the Court is to enter an order and judgment enforcing the arbitration award. JLSM has not alleged any act constituting fraud or other misconduct in the procurement of the Arbitration Award, and it is therefore subject to immediate enforcement and confirmation. W. Va. Code § 55-10-4.

15. Similarly, the Federal Arbitration Act, 9 U.S.C. §9, provides that "within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected." JLSM has not moved to vacate, modify, or correct the Arbitration Award.

## COUNT II – ATTORNEY FEES AND COSTS INCURRED

16. Pike Electric incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

17. Pursuant to both the West Virginia Arbitration Act and the Federal Arbitration Act, where a party is required to file an action to confirm and enforce an arbitration award, they may be entitled to an award of the attorney fees and costs in seeking enforcement of the award.

18. JLSM has no valid reason to avoid enforcement of the Arbitration Award.

19. Pike Electric is entitled to an award against JLSM for attorney fees and costs incurred in seeking a judgment of this Court to enforce the arbitration award.

**WHEREFORE**, for all of the foregoing reasons, Pike Electric prays this Court will enter an Order and a Judgment against JLSM for the amount of $421,078.10, along with administrative fees in the amount of $8,925.00, plus interest accruing at the rate of 8%, until the satisfaction and payment of the Judgment, plus such attorney fees and costs incurred in seeking this Order and Judgment, and such other and further relief as the Court may deem appropriate.

Respectfully submitted this 3rd day of January 2014.

**PIKE ELECTRIC, LLC**

**By Counsel:**

**STEPTOE & JOHNSON PLLC**

/s/ Anders W. Lindberg
Anders W. Lindberg (WVSB # 8876)
Andrew P. Smith (WVSB #12338)
P.O. Box 2195
Chase Center
1000 Fifth Ave., Suite 250
Huntington, WV  25722-2195
Phone (304) 522-8290
Fax (304) 526-8089