# American Arbitration Association
Commercial Arbitration Tribunal
Case No. 31-158-00171-13

*Pike Electric, LLC,*

    *Claimant,*

*and*

*Justice Low Seam Mining, Inc.,*

    *Respondent.*

## AWARD OF ARBITRATOR

THE UNDERSIGNED ARBITRATOR was designated in accordance with the arbitration provisions set forth in the parties' Master Services Agreement dated August 10, 2012 (the "Agreement"). The hearing of this matter was called to order on December 17, 2013 at 10:00 a.m. Representatives and counsel were present and presented evidence on behalf of Claimant, Pike Electric, LLC. ("Pike"). No one appeared on behalf of Respondent, Justice Low Seam Mining, Inc. ("JLSM"). Notice of the hearing was provided to the parties. JLSM advised counsel for Pike that JLSM would not attend. After the presentation of evidence, the hearing was declared closed on December 17, 2013. In the Scheduling Order in this matter, a brief reasoned Award was called for. The undersigned, having duly considered the evidence presented, other matters of record and arguments presented, makes the following findings and conclusions, and enters his Award based thereon:

1. Pursuant to the terms of the Agreement, Pike contracted with JLSM to provide the labor and equipment to construct a 4 mile, 34.5kV distribution line in Bishop, VA. Pursuant to the Agreement, a separate Request for Services (the "Request") was executed by the parties, dated August 10, 2012, which set forth the specific terms and conditions for the work to be performed by Pike. Pursuant to Article 2 of the Agreement and Article IV of the Request, the basis for which Pike was to be compensated for its work was established.

2. Pike fully performed all services required under the Agreement and the Request. Pike's work began in late August, 2012, and was completed fully as set forth in the Agreement in the week of October 7, 2012.

3. JLSM approved and accepted the work.

4. Pike billed weekly for its services in the manner set forth in the Agreement and the Request. A total of 15 invoices were sent by Pike to JLSM for Pike's services.

5. JLSM did not dispute any invoices. JLSM's representative for the project approved Pike's invoices. No payment was forthcoming by JLSM for any of Pike's invoices.

6. Pike followed up on its unpaid invoices via email, as well as correspondence by Pike and Pike's counsel. No response was received by Pike from JLSM.

7. Due to JLSM's failure to make payment, pursuant to the Agreement, Pike submitted its Demand for Arbitration, dated June 19, 2013, to the American Arbitration Association.

8. JLSM served its Answer to Pike's Demand for Arbitration on or about July 8, 2013. In its Answer, JLSM, among other things, stated that: (i) Pike did perform work under the Agreement and Request; (ii) Pike performed work and JLSM has not paid Pike for various services Pike provided; and (iii) JLSM has not disputed some of the amount Pike seeks from JLSM.

9. The Agreement provides that the law of North Carolina controls.

10. Pike presented evidence at the hearing that it is entitled to a total of $345,780.05 as set forth in its 15 invoices to JLSM. In addition, pursuant to paragraph 2 of the Agreement, Pike's evidence established that it is entitled to $44,951.41 in contractual late fees for the period November 17, 2012 to December 17, 2013. Pike further presented evidence that it is entitled to interest of $29,967.30 based on the statutory rate of 8% per annum from November 17, 2012 through December 17, 2013. Finally, Pike's evidence showed that it is entitled to per diem late fees and interest from December 17, 2013 until the date of entry of the Award in the amount of $189.67 daily. In total, Pike's evidence indicates that it is entitled to damages of $420,698.76 through December 17, 2013, together with a per diem for late fees and interest of $189.67 from and after December 17, 2013 until the entry of this Award.

11. There was no evidence of any kind presented that JLSM disputes Pike's claim, services or the amount sought by Pike, or that Pike is not entitled to the full amount it claims.

12. Based upon the foregoing findings, the undersigned Arbitrator concludes that Pike is entitled to the entry of an Award in the amount of $420,698.76 through December 17, 2013, the date of the hearing of this matter, together with a per diem amount for late fees and interest in the amount of $189.67, from and after December 17, 2013, until the date of the entry of this Award, plus interest from and after the date of the entry of this Award at the legal rate of 8% per annum.

## AWARD

Based upon the foregoing, the Arbitrator enters his Award as follows:

1. Justice Low Seam Mining, Inc., shall pay to Pike Electric, LLC the sum of $421,078.10.

2. Interest on the amount set forth in the preceding Paragraph 1 shall accrue at the legal rate of 8% from and after the date of the entry of this Award until paid.

3. The parties shall bear their own attorneys' fees.

4. The administrative fees of the American Arbitration Association, totaling $6,650.00, and the compensation of the Arbitrator, totaling $2,275.00, shall be paid by Justice Low Seam Mining, Inc. As such, Justice Low Seam Mining shall reimburse Pike Electric the additional sum of $8,925.00, representing that portion of fees previously incurred by Pike Electric.

5. This Award is intended to address all claims presented by the parties in the arbitration. All claims not expressly addressed in this Award are denied.

This the 19 day of December, 2013.

*David B. Hamilton, Arbitrator*

I, David B. Hamilton, do hereby affirm upon my oath as Arbitrator that I am the individual described in and who executed this instrument which is my Award.

*David B. Hamilton, Arbitrator*